**Dismissed and Memorandum Opinion filed July 23, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-15-00513-CV

**BENEDICT EMESOWUM, Appellant**

**V.**

**CHRISTMAS EVE MORGAN, Appellee**

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Cause No. 1061501**

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from an order sustaining a contest to appellant's affidavit of indigence. The clerk's record was filed June 19, 2015. The record reflects that no final judgment has been entered in this case. Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

On July 3, 2015, notification was transmitted to the parties of this court's

intention to dismiss the appeal for want of jurisdiction unless appellant filed a response on or before July 14, 2015, demonstrating grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a). On July 10, 2015, appellant filed an "Amended Notice of Appeal and Statement on Jurisdiction," in which he stated that he "prematurely filed a timely appeal of his denial of indigency by the trial court." Appellant stated that the trial court issued a "final order" sustaining the contest to his affidavit on July 7, 2015. Appellant states that he is appealing the trial court's order sustaining a contest to his affidavit of indigence.

Appellant's response fails to demonstrate that this court has jurisdiction over the appeal. There is no statutory grant of the right to immediately appeal, before entry of final judgment, the matter about which appellant complains. *See, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014; *Kilsby v. Mid Century Ins. Co. of Texas*, 14-07-00981-CV, 2008 WL 889428, at *1 (Tex. App.—Houston [14th Dist.] Apr. 3, 2008, no pet.) (mem. op.) (dismissing appeal of order sustaining a contest to pauper's oath when no final judgment had been entered).

Accordingly, the appeal is ordered dismissed.


PER CURIAM


Panel consists of Justices Christopher, Brown, and Wise.